IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IGNACIO F. ELIZONDO | § § § | |
| VS. | § § | CIVIL ACTION NO: 5:21-cv-977 |
| SAN ANTONIO SHOES, INC., | § | Jury Demanded |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Ignacio F. Elizondo ("Elizondo") complaining of and about Defendant San Antonio Shoes, Inc. ("Defendant"). Ignacio Elizondo alleges that he has suffered illegal discrimination, harassment and retaliation in violation of section 504 of the Rehabilitation Act of 1973, as amended, the Americans with Disabilities Act of 1990 (ADA) as Amended, and discrimination, harassment and retaliation in violation of the Age Discrimination in Employment Act.

1. It is asserted Defendant has received contracts and/or federal funds and/or federal assistance and violated section 504 of the Rehabilitation Act of 1973, a law that prohibits federal contractors and subcontractors or those who receive federal funds or assistance from discriminating in employment against individuals with disabilities and requires employers to take affirmative action to recruit, hire, promote, and retain these individuals. The statute requires affirmative action and prohibits employment discrimination by Federal government contractors and subcontractors with contracts of more than $10,000 and/or those who receive federal funds or federal assistance. It is asserted Defendant met all provisions to establish protection and coverage for Plaintiff under the Act yet Defendant violated the act in relation to Plaintiff injuries and resulting disabilities.

2. It is further asserted Defendant violated other provisions of section 504 of the Act. Section 504 states that "no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under" any program or activity that…. receives Federal financial assistance…. "

3. It is alternatively asserted Defendant received federal financial assistance and violated the Act. The Act requires reasonable accommodation for employees with disabilities. It is not necessary to file a complaint with a Federal agency or to receive a "right-to-sue" letter before going to court.

4. Alternatively, it is asserted that Defendant's actions violated the Americans With Disabilities Act of 1990, as amended, in discriminating against, harassing and/or retaliating against and terminating Plaintiff Elizondo and/or then further retaliating against Elizondo by opposing and falsely testifying in his unemployment benefits process.

## PARTIES AND SERVICE

5. Plaintiff Ignacio F. Elizondo is a resident of San Antonio, Texas within the Western District of Texas, San Antonio Division.

6. Defendant San Antonio Shoes, Inc. is a Texas domestic corporation doing business within this District. It may be served with process by serving its registered agent for service of process: Raul Garza, 1717 SAS Drive, San Antonio, Texas 78224. However, a request for waiver will first be served on Defendant before service is requested.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear the merits of Plaintiff's claims as they are brought under Federal Law, specifically the Rehabilitation Act of 1973, as amended, and the Americans with Disabilities Act, in addition to the Age Discrimination in Employment Act.

8. At the time of filing, damages are within the jurisdictional limits of this Court.

9. All the acts alleged herein occurred within the jurisdiction of the Western District of Texas, San Antonio Division.

10. Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

## MISNOMER/MISIDENTIFICATION

11. In the event that Defendant is misnamed, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or that such parties are/were "alter egos" of Defendant named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## CONDITIONS PRECEDENT

12. Plaintiff asserts that all conditions precedent to the filing of this lawsuit have been met.

13. Plaintiff filed his original complaint with the Equal Employment Opportunity Commission on or about April 16, 2021, alleging that the Defendant had committed an unlawful employment action against Plaintiff.

14. Thereafter, Plaintiff received "Notice of Suit" from the EEOC on or about July 15, 2021, on charges against Defendant, giving Plaintiff notice of his right to sue Defendant within 90 days of its receipt. Suit was due to be filed by October 13, 2021 and is timely filed. It is not necessary to file a complaint with a Federal agency or to receive a "right-to-sue" letter before going to court in a case involving the 504 Rehab Act claim.

## FACTS

15. On or about October 7, 1991, Elizondo (now age 72) began working for San Antonio Shoes, Inc.

16.     At the age of 52, Elizondo was diagnosed with post-polio syndrome and wore a brace to help his impaired ability to walk. He also had other medical conditions SAS knew about. About 3 years ago, Elizondo was placed under a new supervisor, Noe Cisneros, who began harassing him, discriminating against him and giving Plaintiff a hard time about my brace and would harass and nit-pick everything Plaintiff did. Cisneros treated Elizondo differently than other employees and entered into a pattern of harassment, intimidation and retaliation in an effort to force Elizondo to quit. It also appeared that older employees were being let go. His supervisor, Cisneros, would find any excuse to write Elizondo up. Finally, on Nov. 25, 2020, Elizondo was falsely accused of an incident and Elizondo was wrongfully terminated.

17.     It is asserted Plaintiff suffered discrimination, harassment and retaliation based on his disabilities, and/or because he was regarded as disabled and needed an accommodation for his disabilities, in violation of the Americans with Disabilities Act of 1990, as amended and section 504 of the Rehab Act.. It is further asserted that Plaintiff suffered discrimination, harassment and retaliation based on his age in violation of the Age Discrimination in Employment Act.

## CLAIMS ARISING UNDER THE REHAB ACT

18.     Section 504 of the 1973 Rehabilitation Act provides protection for any person who (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such an impairment or (3) is regarded as having such an impairment. Major life activities include walking, seeing, hearing, speaking, breathing, learning, working, caring for oneself, and performing manual tasks. As a result, the statute clearly applies to the claims of Plaintiff Elizondo and he is entitled to relief and damages under the Act.

19.     Again, it is contended Defendant was a recipient of federal funds, federal assistance and/or contracts and that Defendant violated the Act. During all relevant times, the employer was a

"recipient of federal financial assistance," and/or federal contracts and was paid for goods or services it provided to governmental agencies or pursuant to contracts for which it received governmental funds. Defendant failed to accommodate the disabilities of Plaintiff and the conduct was solely on the basis of disability. He suffered harassment and was eventually terminated in part because of his disabilities. Moreover, after terminating Plaintiff Elizondo, Defendant SAS fought and opposed and attempted to prevent Plaintiff's efforts to receive state unemployment benefits. It is further and alternatively asserted the Defendant's actions were done "intentionally."

### DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

20. The evidence will show that:

   a. Plaintiff has a disability due to his disabilities and required accommodations;

   b. Plaintiff was qualified for his position;

   c. Plaintiff suffered an adverse employment action in that he was wrongfully terminated and he suffered false and improper discipline and write-ups; and

   d. The circumstances arising raise an inference of disability discrimination.

21. Defendant was aware that Plaintiff had a disability that limited his major life activities including walking, lifting, moving and other activities. Rather than allowing leave for and accommodating his disabilities, Elizondo suffered discrimination, harassment and was later terminated. He was terminated for a pre-textural reason rather than accommodate him or engage in the interactive process.

22. The evidence will further demonstrate that other employees without disabilities and/or that were not regarded or perceived as disabled were treated more favorably than Elizondo.

### AGE DISCRIMINATION IN EMPLOYMENT ACT VIOLATION

23. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Age Discrimination in Employment Act ("ADEA").

24. Defendant is an "employer" as defined by the ADEA.

25. An employer is prohibited from discriminating against, harassing or retaliating against an employee or prospective employee under the ADEA. Elizondo at all relevant times during his employment was over age 40 and part of a protected class under the statute. Moreover, An employer is prohibited from discharging or in any other way discriminating against any person, whether or not an employee, for opposing or complaining about any unlawful practice under the ADEA.

26. Prohibited conduct by Defendant in this matter includes discrimination, harassment and retaliation and/or wrongful termination.

27. As a result of Defendant's violations of the ADEA, Plaintiff has suffered actual damages in the form of lost wages, bonuses and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

28. As a result of this willful violation of the ADEA, Plaintiff requests that he be awarded all damages, to which he is entitled, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest. In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also requests any additional equitable relief to which he is entitled, including reinstatement, if warranted and/or feasible, including compensatory damages.

29. Plaintiff also requests reasonable attorney's fees and court costs.

## RESPONDEAT SUPERIOR

30. Employees involved in the discrimination and/or retaliation described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct

under the doctrine of Respondeat Superior.

## DAMAGES

31. Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

   a. Lost wages, past and future;

   b. Compensatory Damages, including Mental Anguish, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life suffered in the past, and which, in all reasonable probability, which will be suffered in the future; and damages based on damage to his reputation based on Defendant's actions;

   c. Recoverable damages and penalties under the Rehab Act

   d. Reasonable attorney fees, expert fees and costs.

   e. Based upon the above enumerated damages, the Plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable.

## ATTORNEY FEES

32. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

   a. Preparation and trial of the claim, in an amount the jury deems reasonable;

   b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

   c. An appeal to or for defending an appeal to the Court of Appeals, in an amount the jury deems reasonable;

   d. Making or responding to an Application o the Supreme Court, and attorneys' fees in the event that application for is granted, in an amount the jury deems reasonable; and

   e. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## JURY DEMAND

33. Plaintiff further demands a trial by jury.

## PRAYER FOR RELIEF

Wherefore, Ignacio F. Elizondo requests Defendant be cited to appear and answer, and that on final trial, Lytle have judgment against Defendant as set out above and as follows:

a. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both front and back pay) and any compensatory damages and/or penalties or liquidated damages due to Defendant's violations of law;

b. Judgment against Defendant for compensatory damages in the maximum amount allowed by law;

c. An order that Defendant take such other and further actions as may be necessary to redress the violation of the Rehab Act, which should include forfeiture of any government funds received in 2019 and/or 2020 and/or 2021, or any other applicable time period;

d. Pre-judgment and post-judgment interest at the maximum allowed by law; Costs of suit, including attorneys' fees; and

e. A trial by jury and such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

**Respectfully Submitted**

 /s/ *Adam Poncio*
**ADAM PONCIO**
**State Bar No. 16109800**
salaw@msn.com
**ALAN BRAUN**
**State Bar No. 24054488**
abraun@ponciolaw.com

**PONCIO LAW OFFICES**
**A PROFESSIONAL CORPORATION**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**(210) 212-7979 Telephone**
**(210) 212-5880 Facsimile**

**ATTORNEYS FOR PLAINTIFF ELIZONDO**